UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

ELAINE CARROLL, an individual

       Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,
a Panamanian corporation,

       Defendant.
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELAINE CARROLL, by and through her undersigned counsel, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation, alleges and states as follows:

### THE PARTIES

1. Plaintiff, ELAINE CARROLL, is a resident of the State of Florida.

2. Defendant, CARNIVAL CORPORATION., is a corporation, organized and existing under and by virtue of the laws of Panama. At all material times, Defendant, CARNIVAL, conducted business in Miami-Dade, County, Florida, and maintained corporate headquarters at 3655 NW 87th Avenue, Miami, Florida, Miami-Dade County, Florida.

3. At all times material hereto, Defendant, CARNIVAL owned, operated, managed, designed and maintained the cruise ship Carnival Pride, which was scheduled to set sail, and did set sail on March 15, 2015, from Tampa, Florida.

4. At all times material hereto, Plaintiff, ELAINE CARROLL, was a fare paying passenger on the cruise ship Carnival Pride for a voyage that departed from Tampa, Florida, on March 15, 2015.

5. At all times material hereto, Plaintiff, ELAINE CARROLL, was a business invitee of Defendant, CARNIVAL pursuant to the contractual common carrier relationship.

6. Plaintiff, ELAINE CARROLL by and through the undersigned, has provided Defendant, CARNIVAL with formal written notice of her claim within 185 days of the injury event in accordance with the terms and conditions of CARNIVAL's passenger ticket contract, and has otherwise satisfied all conditions precedent to the filing of this action.

## JURISDICTION

7. Plaintiff re-alleges paragraphs 1-6 as if fully set forth herein.

8. Defendant is subject to the Jurisdiction of this Court pursuant to 28 USC Section 1333, there is complete diversity of citizenship between the Plaintiff's and Defendant, and by virtue of the terms and conditions of Defendant, Carnival's passenger contract.

9. This action is brought for damages in an amount in excess of $75,000.00, exclusive of attorney's fees and costs.

## COUNT I: NEGLIGENCE AGAINST CARNIVAL CORPORATION

10. Plaintiff re-alleges paragraphs 1-6 as if fully set forth herein.

11. On or about March 15, 2015 Plaintiff, ELAINE CARROLL, was scheduled to embark on a cruise on the Carnival Pride, as a fare-paying passenger.

12. On or about March 16, 2015, the captain, officers, medical staff, and crew of the Carnival Pride were employees and apparent agents of CARNIVAL CORPORATION.

13. On March 16, 2015, ELAINE CARROLL was walking on the 10th or 11th deck, port side, adjacent to David' Steakhouse. In that area, David's Steakhouse protrudes into and narrows the walkway where Plaintiff was walking.

14. At that time and place, there were lounge chairs on the deck that significantly narrowed and protruded onto Plaintiff's walkway on the subject deck. As she was attempting to navigate around said lounge chairs, Plaintiff, ELAINE CARROLL, tripped on one such lounge chair and violently fell as a result.

15. Plaintiff sustained serious and debilitating injuries as a result of her tripping and falling, which may have been aggravated by negligent medical care she received from Defendant, CARNIVAL in the hours and days following her trip and fall.

16. On March 16, 2015 Defendant, CARNIVAL including its agents, employees, officers, and crew owed Plaintiff a duty of reasonable care under the circumstances.

17. On March 16, 2015, and in the hours and days immediately subsequent thereto, Defendant, CARNIVAL through its agents, employees and officers and crew breached its duties of care and was negligent in one or more of the following:

    a. Failing to provide a reasonably safe means of ingress and egress on its pedestrian walkways;

    b. Allowing a dangerous condition(s) to exist upon its vessel. To wit; lounge chairs that narrowed and protruded onto a pedestrian walkway;

    c. Failing to warn passengers, including the Plaintiff, of the hidden or latent dangerous condition(s). To wit; lounge chairs that narrowed and protruded onto a pedestrian walkway;

    d. Failing to avoid, eliminate and correct the dangerous condition(s) on its vessel. To wit; lounge chairs that narrowed and protruded onto a pedestrian walkway; and

    e.    Failing to provide adequate crew to maintain the floor area wherein Plaintiff was walking at the time of her fall; and

    f.    Providing negligent emergency assistance which may have aggravated the Plaintiff's injuries; and

    g.    Providing negligent medical care which may have aggravated the Plaintiff's injuries.

    h.    Other acts of negligent yet to be discovered.

18. The negligent conditions created a foreseeable zone of risk posing a general threat of harm to Plaintiff.

19. The negligent condition existed for such a length of time that Defendant knew or should have discovered them through the exercise of reasonable care under the circumstances.

20. Alternatively, defendant created and/or approved the negligent conditions.

21. As a direct and proximate result of the negligence of CARNIVAL, Plaintiff, ELAINE CARROLL, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing, and Plaintiff, ELAINE CARROLL, will suffer the losses in the future.

WHEREFORE, Plaintiff, ELAINE CARROLL, demands damages against Defendant, CARNIVAL CORPORATION, in excess of the Jurisdictional limits of this Court and for any other relief this Courts deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all issues so triable.

Dated this _____ day of March, 2016.

                                      Respectfully Submitted,

                                      DARREN J. ROUSSO, P.A.
                                      Co-counsel for Plaintiff
                                      9350 South Dixie Highway, Suite 1520
                                      Miami, Fl. 33156
                                      Telf: (305) 670-6669
                                      roussolaw@aol.com

By: _____
                                      Darren J. Rousso, Esq.
                                      Florida Bar #0097410