UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 16-20829-CIV-MARTINEZ/GOODMAN

ELAINE CARROLL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon a four-day jury trial that commenced on January 24, 2022. On January 28, 2022, the jury returned a verdict in favor of Plaintiff. For purposes of comparative negligence, the jury found Defendant 50% at fault and Plaintiff 50% at fault. The jury assessed Plaintiff's damages as follows: $170,000 for past medical expenses and other care, and $410,000 for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of an existing disease or physical defect, and loss of capacity for the enjoyment of life in the past. (ECF No. 209). After the verdict was read and the jury was dismissed, Defendant argued that the jury award for past medical expenses and other care exceeded the amount the parties had stipulated to. The Court ordered the parties to submit briefing on the issue of whether Plaintiff's damages for past medical expenses should be reduced to the amount sought by Plaintiff. (ECF No. 221). The parties complied with the Court's order and submitted briefing on the matter. (ECF Nos. 224, 225, 223). The Court has carefully considered the parties' submissions and the pertinent portions of the record and finds as follows.

"As a general rule, 'a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1266 (citing *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985); *see also Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1284 (11th Cir. 2000) ("The rule in this circuit states that where a jury's determination of liability was not the product of undue passion or prejudice, we can order a remittitur to the maximum award the evidence can support."). In reaching its determination, a court "is not to substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the [c]ourt should not reduce merely because it would have found differently." *Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995). The decision of whether to grant remittitur on the grounds of excessive damages is a matter within the sound discretion of the district court. *E.g., Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1249 (11th Cir. 2001).

The only evidence submitted to the jury on damages was Plaintiff's Trial Exhibit 7. (*See* Pl.'s Trial Ex. 7, ECF No. 218-8). This exhibit is a one-page document titled "Summary of Payments By and Liens Owed By Elaine Carroll." ("Summary") (*Id.*). The Summary states,

- Balances owed directly to medical providers: **$0**
- Out of pocket medical expenses: **$897.31**
- Healthcare liens (must be repaid): **$68,735.82**
    o Insurance Lien (CMS) (on total charges of $133,367.76): $42,722.51
    o Insurance Lien (Keiser) (on total charges of $2,395.04): $2,848.66
- **TOTAL: $69,633.13**

(*Id.*). During closing arguments, Plaintiff's counsel stated that the parties had stipulated to the total amount of damages on medical bills. More specifically, counsel explained to the jury,

> The next question you're going to have to answer: medical bills. Ladies and gentlemen, it is the easiest question you're going to have to answer because it's stipulated to. There is no dispute about what the medical bills are. Her bills that she owes to health insurance companies, money that she has to pay them back, it's $69,633 and whatever else that number says. I can't see it. **We're not asking for a penny more, a penny less.**

(Trial Tr. at 19:20–20:2, ECF No. 228 (emphasis added)).

Given the record presented at trial, the Court finds that the jury's damages award exceeds the amount established by the evidence. The jury returned a verdict of $170,000 in past medical expenses. Yet, this amount exceeds any conceivable interpretation or calculation of the amounts presented in the Summary. Thus, the Court must reduce the award "to the maximum award the evidence can support." *Frederick*, 205 F.3d at 1284. Here, there is no dispute that the parties stipulated to the total amount of past medical expenses of $69,633.13 and the evidence submitted to the jury shows the same. The Summary breaks down the medical expenses incurred and owed by Plaintiff, adding up to a total of $69,633.13. (Pl.'s Trial Ex. 7). The jury's award, therefore, should have been limited to the stipulated amount, which is the maximum amount established by the evidence. *Cf Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293 (11th Cir. 2007) (affirming district court's grant of additur where award was significantly less than the amount stipulated to by the parties).

For the foregoing reasons, the Court reduces the jury award for past medical expenses to $69,633.13. A final judgment representing the party's comparative negligence will be issued by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of March, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record